# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES<br>DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKFORD CORPORATION,<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin ROCKFORD CORPORATION ("Defendant"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendant pursuant to the Act and an equal amount due to the employees of Defendant in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant ROCKFORD CORPORATION is an Oregon corporation duly registered as a foreign corporation in the Commonwealth of Pennsylvania, with a business address of 18070 State Route 706, Montrose, PA, 18801, within the jurisdiction of this court. Defendant is engaged in the construction of interstate natural gas pipelines and other natural gas facilities throughout the Commonwealth of Pennsylvania, including in Susquehanna and Bradford Counties, within the jurisdiction of this court.

3. The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4. Defendant has employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees construct natural gas pipelines and facilities to facilitate the interstate transportation and sale of natural gas. Defendant's employees handle materials, tools, and equipment that are shipped in interstate commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendant's

employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5. Defendant violated the provisions of Sections 7 and 15(a)(2) of the Act by employing its employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendant is liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least March 13, 2016, through at least October 28, 2018, Defendant failed to compensate certain of its employees employed as welders, helpers, and operators who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. Defendant failed to include additional lump sum payments to employees that Defendant labeled as "per diems" as part of the employees' regular rates for purposes of calculating overtime premium pay. These payments had no relation to any travel or work-related expenses employees' actually incurred, but were simply additional compensation that Defendant failed to include in employees' regular

rates for purposes of calculating overtime premium pay when employees worked in excess of forty hours per workweek.

6. Defendant violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendant failed to make, keep, and preserve adequate and accurate records of its employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

For example: Defendant failed to keep records of the amount and nature of any travel or work-related expenses employees actually incurred in furtherance of Defendant's interests and properly reimbursable by Defendant that Defendant excluded from employees' regular rates. Defendant failed to keep accurate records of employees' regular rates of pay for purposes of calculating overtime premium pay by excluding from their regular rates additional compensation labeled as "per diems" that had no relation to any travel or work-related expenses employees' actually incurred. Defendant failed to keep accurate records of employees' overtime premium pay due for workweeks in which employees worked over forty hours by excluding additional compensation labeled as "per diems" from employees' regular rates that had no relation to any travel or work-related expenses employees actually incurred. Defendant failed to keep records of employees' daily shift start and stop times, and failed to keep records of employees' full names.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation due to certain of Defendant's current and former employees listed in the attached Schedule A for the period of at least March 13, 2016, through at least October 28, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendant listed in the attached Schedule A for violations prior to March 13, 2016, and continuing after October 28, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant,

from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendant's employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Brian P. Krier*
By: Brian P. Krier
PA 313826
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5141 (Phone)
(215) 861-5162 (Fax)
Krier.Brian@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff